IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HOWARD JACKSON, # R-18773,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00007-MJR |
| | ) |
| **KRAZNICIAN,** | ) |
| **WEXFORD HEALTH CARE SOURCES,** | ) |
| **INC., RN DIBBIE ISAACS,** | ) |
| **A/W CRAIG PROGRAMS,** | ) |
| **and SARAH JOHNSON,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff is serving a four year sentence for criminal sexual assault. He now sues several officials at Pontiac Correctional Center ("Pontiac") for allegedly failing to provide him with adequate medical treatment for a knot in his testicle (Doc. 1, p. 6). Plaintiff raised a virtually identical claim against several Lawrence officials in a lawsuit that was recently dismissed with prejudice. *See Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-1134-MJR (S.D. Ill. 2013) (Doc. 10). For the reasons set forth herein, this lawsuit shall also be dismissed with prejudice.

## The Complaint

According to the complaint, Plaintiff has a knot in one of his testicles (Doc. 1, p. 6). The knot, which causes pain, has been present since 2011. Plaintiff has repeatedly sought treatment for the condition from health care professionals at Pontiac and Lawrence (Doc. 1, pp. 6-7). However, beyond a prescription for ibuprofen (800 mg), Plaintiff has received no

treatment.  He now asks the Court to order an examination (Doc. 1, p. 7).

Plaintiff names several defendants in this lawsuit, including Wexford Health Care Sources, Inc. ("Wexford") (health care provider), Kraznician (Pontiac lieutenant), and Isaacs (nurse).  He also names Defendants Programs and Johnson, but fails to identify them with any specificity in the complaint (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  After fully considering the allegations in the

complaint, the Court deems it appropriate to exercise its authority under § 1915A(b) and summarily dismiss the complaint.

**Discussion**

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Relevant to Plaintiff's claim, the Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

The complaint is devoid of allegations against any of the defendants, except Defendant Kraznician. Although the complaint names Defendants Wexford, Isaacs, Programs, and Johnson in the caption, it does not refer to them elsewhere. Consequently, the Court is unable to ascertain what claims, if any, Plaintiff has against these defendants. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought

against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Defendants Wexford, Isaacs, Programs, and Johnson are dismissed from this action with prejudice.

Wexford, a corporation, is dismissed for other reasons as well. Wexford cannot be held liable for its employees' constitutional violations simply because it is the employer. Although Wexford can be liable if Plaintiff's harm is caused by its unconstitutional policy or practice, the complaint contains no allegations to this effect. *See Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917 (7th Cir. 2004); *Maniscalco v. Simon,* 712 F.3d 1139, 1145 (7th Cir. 2013) (no *respondeat superior* liability for private corporation). Therefore, Wexford shall also be dismissed for this reason.

To the extent that anyone is identified as having personally participated in the underlying conduct, the complaint names Defendant Kraznician. However, according to the allegations, Defendant Kraznician merely ordered other officials to check on Plaintiff to make sure that he was alright (Doc. 1, p. 7). This conduct certainly does not support an Eighth

Amendment claim against Defendant Kraznician. Without more, the claim fails and shall be dismissed with prejudice against Defendant Kraznician and all other defendants.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which this Court will address in a separate order.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which is hereby **DENIED** as moot.

**Disposition**

**IT IS HEREBY ORDERED** that for the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed in a separate order of this Court. Should the motion be denied, the filing fee will be $400.00 instead of $350.00.

appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 22, 2014**

s/ MICHAEL J. REAGAN
United States District Judge
